IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

NICHOLAS SANDERS, COREY WILLIAMS,
CRYSTAL OWENS, AMANDA CUNNINGHAM,
MARGARET TERRY, RHONDA WILSON,
COREY HILL and ANQUINNATTA JAMES,
on behalf of themselves and others similarly situated          PLAINTIFFS

V.                                              CASE NO. 1:21-CV-01052

DELEK LOGISTICS OPERATING, LLC,
and LION OIL COMPANY, LLC                                      DEFENDANTS

## JOINT RULE 26(F) REPORT

Plaintiffs Nicholas Sanders, Corey Williams, Crystal Owens, Amanda Cunningham, Margaret Terry, Rhonda Wilson, Corey Hill, and Anquinnatta James, on behalf of themselves and others similarly situated, (collectively "Plaintiffs") and Separate Defendants Delek Logistics Operating, LLC and Lion Oil Company, LLC (collectively "Defendants"), by and through their respective counsel, submit this Joint Report in accordance with Federal Rule of Civil Procedure 26(f), Local Rule 26.1, and the Court's Initial Scheduling Order. Counsel for Plaintiffs and Defendants conferred on January 10, 2022, and hereby jointly report as follows:

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a):**

Joint Response:    See Joint Response to paragraph 2.

2. **Date when mandatory disclosures were or will be made:**

Joint Response:    The parties will exchange mandatory disclosures required by Rule 26(a)(1) on or before sixty (60) days after the filing of this Joint Rule 26(f) Report. The parties will exchange disclosures required by Rule 26(a)(2) at the times and in the sequence ordered by the Court, or in the absence of such order, as follows:
   1. Plaintiffs will disclose and issue expert designation and reports if any, 180 days prior to trial.

1

2. Defendants will disclose and issue expert designation and reports if any, 150 days prior to trial.
3. Plaintiffs will disclose rebuttal expert reports if any, 120 days prior to trial.

**3.     Subjects on which discovery may be needed:**

Joint Response:     The parties anticipate that discovery generally may be needed as to all aspects of the pleadings, allegations, denials, defenses and damages, including but not limited to the following: (liability and damages, the merits of Plaintiffs' individual claims, and each Defendant's defenses, including without limitation the following):

- Cause of the fire/explosion at the refinery
- Location of the Plaintiffs during the fire
- Policies and procedures of Defendants
- Safety programs, policies and procedures of Defendants
- Any and all aspects of the investigation of fire/explosion at the refinery
- Medical condition of Plaintiffs
- Causation of medical condition of Plaintiffs
- Loss of earning capacity of Plaintiffs
- Medical expenses of Plaintiffs
- Any and all other ascertainable damage of or to the Plaintiffs

**4.     Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.  If so:**

Joint Response:  The parties anticipate that some discovery of Electronic / Computer Based Media may occur during the litigation.

   **a. Whether the disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business:**

   Joint Response:   To the extent needed, parties will produce discoverable electronically stored information that is reasonably available in the ordinary course of business.  The parties will work to agree upon an accepted format and reasonable procedures for production of specifically requested documents.  Generally, the parties can anticipate that all relevant records will be reasonably available to the parties in the ordinary course of business.

   **b. The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business:**

   Joint Response:    At this time, it is not anticipated that there will be production of data beyond what is reasonably available to the parties in the ordinary course of business.

  c. **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production:**

  <u>Joint Response:</u> The parties agree to produce data in a form or forms in which it is ordinarily maintained or in a form that is reasonably usable. The information will be produced via hard copy, disk, share-file, or other electronic means.

  d. **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise:**

  <u>Joint Response:</u> Yes.

  e. **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery:**

  <u>Joint Response:</u> None known at this time. The parties agree to confer in an attempt to resolve any issues which may arise.

**5. Date by which discovery should be completed:**

<u>Joint Response:</u> All discovery should be completed 90 days before the scheduled trial date.

**6. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure**:

<u>Plaintiffs' Response:</u> Due to the nature of this action, Plaintiffs anticipate requesting the court to enlarge the limitation on interrogatories, referenced in Rule 33 and possibly the limitation on depositions as outlined in Rule 30.

<u>Defendants' Response:</u> Defendants do not propose any change in limitations imposed by the Federal Rules of Civil Procedure.

**7. Any orders, e.g. protective orders, which should be entered:**

<u>Joint Response:</u> The parties anticipate that at least some confidential or business sensitive documents will be requested by one of the parties, the parties agree to work cooperatively toward a mutually agreed upon protective order. The parties agree that no confidential documents will be produced prior to the entry of the protective order.

**8. Any objections to initial disclosures on the grounds that mandatory disclosures are not appropriate in the circumstances of the action:**

<u>Joint Response:</u> None.

9.  **Any objections to the proposed trial date:**

<u>Joint Response:</u>  The parties are doubtful that this case with class action proceedings can be ready for trial by January 9, 2023. The parties suggest an April 2023 date would be more realistic.

10. **Proposed deadline for joining other parties and amending the pleadings**:

<u>Joint Response:</u>  Thirty days after the Court's ruling on class certification. Plaintiffs prefer 180 days before trial.

11. **Proposed deadline for completing discovery**:

<u>Joint Response:</u>  The parties propose discovery should be completed 90 days before the scheduled trial date.

12. **Proposed deadline for filing motions other than motions for class certification**:

<u>Joint Response:</u>  All Motions except those in Limine, Sixty (60) days prior to trial. Any Motions in Limine, twenty-one (21) days before trial. The parties understand and agree that these are simply proposed dates and will be governed by any Scheduling Order of this Court.

13. Class Certification: In the case of a class action **complaint, the proposed deadline for the parties to file a motion for class certification:**

<u>Joint Response:</u>  June 9, 2022.

Respectfully submitted,

**PPGMR Law, PLLC**  
G. Alan Perkins (AR Bar #91115)  
Forrest C. Stobaugh (AR Bar #2018186)  
M. Christine Dillard (AR Bar #2019161)  
P.O. Box 3446  
Little Rock, AR 72203  
Tel: (501) 603-9000  
Fax: (501) 603-0556  
alan@ppgmrlaw.com  
forrest@ppgmrlaw.com  
christine@ppgmrlaw.com  
*Attorneys for Defendants*

**Caddell Reynolds, PA**  
Emily White (AR Bar #2001192)  
10809 Executive Center Drive  
Searcy Building, Suite 111  
Little Rock, Arkansas 72211  
ewhite@justicetoday.com  

and  

Andrew Taylor (AR Bar #2005147)  
Taylor & Taylor Law Firm, P.A.  
12921 Cantrell Road, Suite 205  
Little Rock, Arkansas 72223  
Andy@TaylorLawFirm.com  
*Attorneys for Plaintiffs*